## Commonwealth v. Strasburger.

*Auctioneers—Place of auction—Acts of April 9, 1859, and May 19, 1871.*

There is no inconsistency between the direction of the Act of May 19, 1871, P. L. 976, entitling every auctioneer to open "an" auction house, and the prohibition of the Act of April 9, 1859, P. L. 435, against his having more than one house or store for the purpose of holding an auction.

Indictment for selling at auction contrary to Act of May 19, 1871, P. L. 976. Q. S. Berks Co., June Sess., 1922, No. 130.

*Walter S. Young,* for Commonwealth; *John P. Wanner,* for defendant.

ENDLICH, P. J.—The indictment in this case charges the defendant with exposing to sale, by public auction or vendue, at the storeroom No. 312 Penn Street, in the City of Reading, certain articles of merchandise, said storeroom not being a duly designated auction house, "contrary to the form of the act of the general assembly entitled 'An act authorizing the appointment of auctioneers for the City of Reading, in the County of Berks, Pennsylvania, approved May 19, 1871, P. L. 976.'" (See, as to such recital, Com. v. Cohen, 1 Berks Co. L. J. 326, 329.) At the trial, the evidence showed that an auc-

tioneer's license had been granted to the defendant, his application designating as his place of business No. 226 Mulberry Street, whereas the sales that he made were made at an auction held at the place above mentioned on Penn Street. At the conclusion of the evidence, it was informally agreed by counsel on both sides that a verdict of guilty should be taken and a rule for a new trial entered, upon which the law governing this case might later be examined and determined.

The early Act of April 7, 1832, P. L. (1831-32) 361, relating to auctions in Lancaster (and certain other towns), and extended to Reading by the Act of March 3, 1843, P. L. 26, in the 1st section, provided for a commission authorizing the person commissioned to "make sales by auction . . . at any place within the limits of the city." Then comes the Act of Feb. 24, 1847, P. L. 164, providing for the punishment of "any person for a violation of any of the provisions of the laws relating to auctions and auctioneers," which, in turn, is followed by the Act of April 9, 1859, P. L. 435, restricted, in section 12, to the City and County of Philadelphia and County of Allegheny, in section 10 forbidding the maintenance by any auctioneer of more than one house or store for the purpose of holding an auction, requiring its designation in writing and the deposit of the writing with the recorder of deeds, and punishing a violation of this section on conviction of such offence. The Act of May 19, 1871, P. L. 976, passed only for the City of Reading (modified in certain particulars not affecting this case by the Acts of June 26, 1873, P. L. (1874) 332, and May 5, 1921, P. L. 406), provides (section 1) for a commission "to open an auction house in said city, and to make sales by auction . . . at his place of business within the limits of said city;" forbids (section 2) any person to sell by auction in the City of Reading, except it be by a duly commissioned auctioneer of that city; and (section 3) makes a violation of the 2nd section of the act a misdemeanor and punishable on conviction thereof. But further than that, section 5 of the Act of 1871 imposes upon auctioneers in Reading the restrictions imposed upon auctioneers in Philadelphia, Pittsburgh and Lancaster, and confers upon them like privileges, in so far as they are not inconsistent with the Act of 1871. Surely there is no inconsistency between the direction of the Act of 1871, entitling every auctioneer to open "an" auction house, and the prohibition of the Act of 1859, against his having more than one such place, to be designated in writing, etc. It seems rather to follow that the provisions of section 10, Act of 1859, must be written into the Act of 1871, and that under it, as so supplemented, a prosecution like this can be maintained quite apart from the Act of 1847, whose effect (see Com. *v.* Crall, 2 Pa. C. C. Reps. 240; Com. *v.* Masten, 4 Pa. C. C. Reps. 439) it is not necessary to discuss here. But the defendant is, nevertheless, entitled to a new trial, the verdict rendered having been a formal one only, to put the case in a position to consider the single question arising of defendant's liability to indictment more satisfactorily than is possible in the press of business during a trial period of the Quarter Sessions. It is a matter of regret that the important subject of auctions and auctioneers has not found at the hands of the legislature comprehensive treatment, instead of being dealt with piecemeal in upwards of 150 enactments, nearly all of local force only and necessarily confusing to the mind. In Leonard *v.* Com., 112 Pa. 607, 625, Mr. Justice Paxson says: "Our laws are intended for the people, who are presumed to read and understand them. They are not like the edicts of the Roman Emperor Caligula, which . . . were written in very small characters and hung up so high that the people could not read them."

The rule to show cause is made absolute.

From Wellington M. Bertolet, Reading, Pa.